IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT GARY MOORE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-24-1457 |
| RONALD WEBER, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Robert Gary Moore, an inmate at Western Correctional Institution, has filed suit pursuant to 42 U.S.C. § 1983, alleging that he was denied recreation for several months because Defendants would not provide him with his winter coat and other cold weather gear. ECF Nos. 1 & 8.[1] Defendants Warden Robert S. Weber ("Warden Weber"), Correctional Officer II Vincent Lark ("Officer Lark" or "Lark"), and the Commissioner of Correction (the "Commissioner") (collectively "Defendants") moved to dismiss or alternatively for summary judgment to be granted in their favor.[2] ECF No. 30. The Court advised Moore of his right to oppose the motion pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975). ECF No. 31. Moore, in response, filed his own summary judgment motion which is also fully briefed. ECF Nos. 32, 35, 36. Defendants also moved to file a surreply or alternatively to strike Moore's Reply, which Moore opposed, astutely noting that "this case has gone too far." ECF Nos. 38, 39.

The Court has reviewed the pleadings and finds no need for a hearing. *See* D. Md. L. R. 105.6 (2025). For the reasons stated below, the Court dismisses the claims against Warden Weber

---

[1] Although the Complaint includes a section titled "Injunction Motion," Moore is not actually seeking injunctive relief. ECF No. 1 at 5. Instead, he asks for court-appointed counsel. *Id.* While the Court retains broad discretion to appoint counsel, *see Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975), this case does not survive challenge which obviates the need to appoint counsel on Moore's behalf.
[2] The Clerk shall amend the docket to reflect the full names of Defendants Ronald Weber and Vincent Lark.

and the Commissioner, grants summary judgment in Officer Lark's favor, and denies Moore's motion for summary judgment.  The Court also grants Defendants' motion to file a surreply.

## I. Background

According to the Complaint, Moore had been housed in disciplinary segregation between October 2023 and April 2024, during which time Defendants denied Moore "proper clothing" such as a hat, jacket, and thermal underwear necessary "for outside recreation in the dead winter."  ECF No. 1 at 1, 4.  *See also* ECF No. 30-3 (institutional record reflecting Moore's placement in segregation).  Institutional directives relevant to the segregation unit make clear that upon placement in segregation, an inmate's personal property is collected, inventoried and housed separately from him.  ECF No. 30-5 at 2.  The directive also limits "[o]utdoor exercise" to five days a week for one-and-a-half hours each day; and when it is too cold outside, recreation may be cancelled.  *Id.* at 5.  As for outerwear, the directive provides that an inmate may receive a coat "during outside recreation" upon the inmate's request to the wing officer.  *Id.  See also id.* at 14.

Evidently, Moore asked for winter wear from Officer Lark.  When Lark denied the request, Moore filed a grievance against Lark, which, according to Moore, prompted Lark to promise that he would secure Moore the clothes if Moore abandoned the grievance.  ECF No. 1 at 2.  Moore asserts that he dropped the grievance, but Lark did not hold up his end of the bargain and secured only two sets of too-small thermals.  *Id*.  Moore suffers from a blood clot disorder and a tumor that presses on a nerve in his leg, both of which make him more susceptible to pneumonia.  *Id*. at 2.

Defendants now move for judgment in their favor on several grounds.  ECF No. 30, 30-3, 30-4, 30-5. Moore has moved for summary judgment in his favor.  The Court first turns to Defendants' arguments.

## II. Standards of Review

Because Defendants seek summary judgment and provide evidence that goes beyond the four corners of the Complaint, the motion implicates the Court's discretion under Federal Rule of Civil Procedure 12(d). *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.,* 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Fed. R. Civ. P. 12(d). Although the Court retains discretion to convert the motion to one for summary judgment, the Court proceeds with caution to avoid restricting the factual development of a meritorious claim. *See, e.g., Escobar-Salmeron v. Moyer*, 150 F.4th 360, 369-70 (4th Cir. 2025) (recognizing necessity of "adequate time for discovery" upon non-movant's request pursuant to Rule 56(d) to discover "information that is essential to his opposition"); *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

Warden Weber and the Commissioner confine their arguments to the legal sufficiency of the Complaint. Thus, the Court will treat the motion as to them as one for dismissal. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Because Moore proceeds pro se, the Court gives the pleadings an

3

especially charitable reading to let all potentially viable claims move forward. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Officer Lark, however, submits evidence apart from the Complaint and asks for judgment in his favor. Moore does not object to reaching summary judgment and in fact, moves for similar relief. Thus, the Court construes the motions accordingly. *See, e.g., Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005).

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249-50. When cross motions for summary judgment are filed, "a court must 'evaluate each party's motion on its own merits, taking care [in each instance] to draw all reasonable inferences against the party whose motion is under consideration.'" *Snyder ex rel. Snyder v. Montgomery*

4

*Cnty. Pub. Sch.*, Civ. No. DKC 2008-1757, 2009 WL 3246579, at *5 (D. Md. Sept. 29, 2009) (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)).

### III.   Analysis[5]

#### A.  Warden Weber and the Commissioner

Warden Weber and the Commissioner argue that because no facts make plausible that either had any involvement in the supposed withholding of cold weather clothing, the claims must be dismissed against them.  ECF No. 30-1 at 14-15.  The Court agrees.

An state actor can only be held liable for a § 1983 claim if he personally participated in the deprivation of the plaintiff's constitutional rights.  *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).  When viewing the Complaint facts most favorably to Moore, neither Defendant played any role in denying him certain winter clothing.  Nor can the mere processing of a grievance constitute sufficient involvement for liability to attach.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (allegation that warden "rubber stamped" grievances was not enough to establish personal participation) (citing *Whitington v. Ortiz*, 307 Fed, Appx. 179, 193 (10th Cir. 2009) (unpublished) ("denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.")).  *See also Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (individual liability under § 1983 requires an affirmative showing that the official acted personally to deprive the plaintiff of his rights).

Additionally, the Complaint fails to make plausible any supervisory liability against either Defendant.  Undoubtedly, a § 1983 claim cannot proceed on a principal-agent theory of liability.

---

[5] The Defendants also rightly contend that they are immune from suit in their official capacities pursuant to the Eleventh Amendment to the United States Constitution.  ECF No. 30-1 at 12.  *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Accordingly, the Court dismisses any official-capacity claims to the extent Moore intended to bring them and concentrates solely on the sufficiency of suit against each Defendant in their individual capacities.

*See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983); *see also Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Rather, the Complaint must aver sufficient facts to make plausible that the defendant-supervisor was deliberately indifferent to the employee's misconduct that gave rise to the plaintiff's constitutional injury. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). In particular, the complaint facts must make plausible that (1) the defendant-supervisor had actual or constructive knowledge that the subordinate's conduct "posed a pervasive and unreasonable risk of constitutional injury" to the prisoner; (2) the supervisor's response reflected his "deliberate indifference to or tacit authorization" of the subordinate's conduct; and (3) "an affirmative causal link" exists between the supervisor's inaction and the prisoner's constitutional injury. *Timpson by & through Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

When viewing the Complaint facts most favorably to Moore, nothing demonstrates that either Warden Weber or the Commissioner knew personally of Officer Lark's alleged violations. Mere reference in an administrative grievance of the wrongdoing is not sufficient for liability to attach. *See Whitington v. Ortiz,* 307 Fed. Appx. 179, 193 (10th Cir. 2009) (unpublished); *Larson v. Meek,* 240 Fed. Appx. 777, 780 (10th Cir. 2007) (unpublished); *see also Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (allegation that warden "rubber stamped" grievances was not enough to establish personal participation) citing *Whitington,* 307 Fed. Appx. at 193. Because the claims fail as to Warden Weber and the Commissioner, the motion to dismiss will be granted.

### B. Officer Lark

Although Moore accuses Officer Lark of violating his rights under the Equal Protection and Due Process clauses of the Fourteenth Amendment, the claim properly sounds in an Eighth

6

Amendment denial of adequate confinement conditions.[6] The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). This includes protection from a prison official's failure to safeguard the prisoner's health and safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

Liability attaches, however, only when the prison official acts with deliberate indifference to the prisoner's needs. *Farmer*, 511 U.S. at 834, 837-38; *see also Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). That is, some evidence must show that the defendant officer knew or recklessly disregarded the excessive risk of harm to prisoner health or safety. *See Wilson*, 501 U.S. at 302-03 (applying the deliberate indifference standard to conditions of confinement claims); *see also Brown v. N.C. Dep't of Corrs.*, 612 F.3d 720, 723 (4th Cir. 2010) ("The test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so.") (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).

At bottom, Moore contends that Lark denied him outdoor recreation for several months by refusing to give Moore necessary winter wear. While no bright line rule exists for when denial of recreational time amounts to a constitutional violation, *compare Townsend v. Moyer*, Civ. No. TDC-17-3385, 2019 WL 367637, at *4 (D. Md. Jan. 29, 2019) *with Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001), no evidence suggests that Officer Lark "denied" Moore anything. For the entire complaint period (October 2023 through April 2024) Moore refused to leave administrative segregation. ECF No. 30-3. This refusal meant that Moore could not access his

---

[6] The Complaint offers no facts to make plausible that Moore had been treated differently than other similarly situated prisoners sufficient to state an equal protection claim*, see Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985), or to show how Moore had been deprived sufficient "due process" in connection with the claimed deprivation of winter wear. ECF Nos. 1 & 8.

own clothing and property, or even attend outdoor recreation save for one-and-a-half hours five times a week.  Also, the relevant administrative directives limited what inmates could receive for outerwear; an inmate in segregation was given during recreation only a coat, and only if the inmate requested it from the wing officer.  But nothing demonstrates that Moore made such a request, or that Lark denied the same or otherwise failed to adhere to these directives.[9]  Accordingly, no reasonable factfinder could conclude that Officer Lark deprived Moore any winter wear to which Moore was entitled, or to any recreation time as a result.  Lark's motion for summary judgment, therefore, will be granted and Moore's motion will be denied.

### IV.    Conclusion

For the foregoing reasons, the Court dismisses the claims against Defendants Warden Ronald Weber and the Commissioner of Correction, grants summary judgment in Officer Vincent Lark's favor, and denies Moore's motion for summary judgment.

A separate Order follows.

2/6/26                                                                        /S/
Date                                                                          Paula Xinis
                                                                              United States District Judge

---

[9] To the extent Moore intended to assert any common law breach of contract or negligence claim arising from Lark's reneging on the alleged "deal" he struck with Moore, ECF No. 1 at 2, this Court declines to exercise supplemental jurisdiction over the purely state law claims.  *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction.").  Moore is free to pursue those claims in state court.